## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 808
GINSBERG et v. ROSENBERG et
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5716. Decided May 11, 1925

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

997. REAL ESTATE—1. If prospective purchaser of is ready, able and willing to enter into a binding contract for purchase of property, that satisfies his qualifications as would entitle agents to commission.

2. Wife need not specifically authorize her husband to act for her in transaction as she may by a course of dealing confer that authority by implication.

PER CURIAM.

This action was brought by Saul Rosenberg and I. Feit, real estate brokers, against Isaac Ginsberg and wife, in the Cuyahoga Common Pleas, to recover a commission claimed to have been earned in furnishing a purchaser ready, able and willing to buy certain property of the Ginsbergs. The jury returned a verdict in favor of Rosenberg.

Error was prosecuted by Ginsberg and it was claimed that the general charge of the court was inconsistent with the special requests to charge made by him and also that error was committed in not permitting Mrs. Ginsberg to testify that she had not talked to her husband relative to the sale of the property during the time of the alleged transactions. The Court of Appeals held:

1. One special request by Ginsberg which stated the law to be that the wife was not liable unless she had specifically authorized her husband to act for her in the transaction. This is not the law, as she may, by a course of dealing have conferred that authority by implication.

2. Another request stating that the claimed purchaser must not only have been ready, able and willing to comply with terms and conditions imposed by the owners, but must have continued to be so ready, able and willing for a sufficient length of time to have enabled the sellers to have prepared papers necessary to have the property transferred.

3. This, also, is not the law. If the purchaser was ready, able and willing to buy the property and was willing to enter into a binding contract to that effect, that would be sufficient and moreover, it appears that Ginsberg was unwilling to enter into such contract and prepare the necessary papers to transfer title.

4. In fact all requests but number five should have been refused and number five was in no way inconsistent with the general charge.

5. There was no claim that the wife had specifically authorized her husband to act for her in the transactions, and therefore, the rejection of her evidence to the effect that she had not so authorized him was not prejudicial.

Judgment of lower court affirmed.

Attorneys—E. Ginsberg for Ginsberg; Scott & Bissell for Rosenberg; all of Cleveland.